UNITED STATES of America,
Plaintiff–Appellee,

v.

Roger LAPAGE, Defendant–Appellant.

No. 00–50015.

D.C. No. CR–96–00691–MRP–01

United States Court of Appeals,
Ninth Circuit.

Filed Nov. 26, 2001

Before: RYMER, KLEINFELD, Circuit Judges, and DAMRELL,[1] District Judge.

ORDER AND DISSENT

**ORDER**

The majority opinion filed November 2, 2000, and appearing at 231 F.3d 488 (9th Cir.2000), is amended by attaching Judge Rymer's dissent which was inadvertently omitted when the majority opinion was sent for filing.

RYMER, Circuit Judge, dissenting:

I part company because I see the issue somewhat differently.

There is no finding that anyone committed perjury. The district judge, who sat through all three trials, declined to make a

finding one way or the other in denying LaPage's motion for a new trial. I disagree that we can do so based solely on a transcript, yet the majority reverses because "perjury pollutes a trial." Of course it does, but the issue before us is whether the district court abused its discretion in denying LaPage's motion for a new trial based on prosecutorial misconduct. *United States v. Peterson*, 140 F.3d 819, 821 (9th Cir.1998). The defendant bears the burden of showing that the misconduct more probably than not materially affected the verdict. *Id.*

It is hard to see how misconduct (assuming that's what it was) relating to Manes's identification of Pinkston in the second trial, and Barnum's relating to his recollection of Manes's testimony from the second trial and why he had photographs of Pinkston for possible use in the third trial, had anything to do with LaPage's conviction. LaPage admitted that the signature on the loan documents that included false tax returns was his. LaPage knew Manes's testimony about having identified Pinkston was not correct and used the second trial transcript to impeach him. The government also admitted in its rebuttal, the last thing the jury heard, that Manes had testified incorrectly. Barnum's apparently incorrect testimony about why he obtained Pinkston's photographs is tangential at best. LaPage was trying to show that the government was concerned that Manes had misidentified Pinkston, but her misidentification was sufficiently aired before the jury (and conceded by the government) that the additional fact that the government was worried and wanted to get DMV photos to explain the misidentification to jury number three (which it turned out not to try) is irrelevant. Likewise, Barnum's

**1.** The Honorable Frank C. Damrell, Jr., U.S. District Judge for the Eastern District of California, sitting by designation.

inability to recall whether Manes had identified Pinkston in the second trial is immaterial, for LaPage had already impeached Manes on the same point and Barnum's lack of recollection cannot have added anything to the mix.

I would, therefore, affirm.